# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **MAREN KREID** | **CIVIL ACTION NO.   3:17-01644** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **STATE FARM MUTUAL INSURANCE COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a diversity lawsuit arising out of an automobile accident.   Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 20] filed by Defendant The Automobile Insurance Company of Hartford ("Travelers").   Travelers seeks a ruling from the Court that the uninsured motorist ("UM") coverage under its policy is to be applied pro rata with that of Defendant Horace Mann Insurance Company ("Horace Mann").   Horace Mann filed a memorandum in opposition to the motion.   [Doc. No. 24].   Plaintiff Maren Kreid ("Kreid") filed a response [Doc. No. 25] with the Court indicating that this issue should be resolved, but taking no position.   Travelers filed a reply memorandum.   [Doc. No. 26]

For the following reasons, the motion is DENIED.

## I.    FACTS AND PROCEDURAL HISTORY

On or about February 1, 2016, Katie Thompson ("Thompson"), a domiciliary of Texas and a student at Louisiana Tech University, was operating a vehicle in Lincoln Parish, Louisiana, when she rear-ended a 2007 Nissan Altima operated by Makenna Johnson ("Johnson"), a domiciliary of Texas.   Kreid, a domiciliary of Tennessee, was a passenger in Johnson's vehicle

and suffered injuries.

Johnson and Kreid are roommates at Louisiana Tech University, where they are also students. Kreid does not have her own vehicle, so she often rides with Johnson. She has traveled with Johnson to Johnson's home in Flower Mound, Texas, on four or five occasions.

Kreid filed a Petition in the Third Judicial District Court, Lincoln Parish, Louisiana, naming Thompson and her insurance company, State Farm Mutual Insurance Company, as Defendants. Kreid's claims against these Defendants were settled.

Kreid amended her Petition to include two UM claims against Travelers and Horace Mann. Travelers issued an automobile liability policy Number 41-81462430 to Brian Johnson. Johnson was included as an insured driver under this policy. The Travelers policy issued in Texas to a Texas insured. The policy had UM coverage limits of $50,003/$100,003. The Travelers policy also has an "other insurance" clause that provides:

> A. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance.

[Doc. No. 20, Exh. 1, Travelers policy].

Horace Mann issued an automobile liability policy number 41-81462430 to Charles Kreid. Kreid was included as an insured under this policy. The policy had UM coverage limits of $250,000/$500,000. The Horace Mann policy issued in Tennessee to a Tennessee insured. The Horace Mann policy provides:

> If the insured sustained bodily injury while occupying a vehicle which is not described on the declarations page of this policy, coverage under this policy applies:
>
> a.  as excess to any uninsured motor vehicle coverage which applies to the

vehicle as primary coverage, but

      b.      only in the amount by which it exceeds the primary coverage.

[Doc. No. 20, Exh. 3, Horace Mann policy].

On November 12, 2018, Travelers filed the instant Motion for Partial Summary Judgment [Doc. No. 20], arguing that there is a conflict of laws, that Texas law applies, and that, under Texas law, the UM policies are to be applied pro rata. On December 4, 2018, Horace Mann filed an opposition memorandum [Doc. No. 24], arguing that there is no conflict of laws and that Travelers is the primary insurer with Horace Mann providing the excess coverage. Alternatively, Horace Mann argues that, if there is a conflict, Louisiana law applies and that, again, Travelers is the primary insurer, and it is only the excess insurer. Travelers filed a reply memorandum [Doc. No. 26], arguing that Horace Mann had not correctly applied the law, that there is a conflict, and that it should prevail under application of Texas law.

This matter is now ripe.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving

party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.    Determination of Choice of Law**

**1.  Conflict Analysis**

As a threshold matter, the Court must determine whether there is a conflict among the laws of Louisiana, Texas, and Tennessee. Having reviewed the laws of each state, the Court finds that there is no conflict between Louisiana and Tennessee, but there is a conflict between those states and Texas.

In a diversity suit, the Court applies the choice of law rules of the forum state. *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 138 (5th Cir. 1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). The Louisiana Supreme Court has held "that the appropriate starting point in a multistate case such as the present one is to first determine that there is a difference between Louisiana's UM law and the UM law of the foreign state[s], and then to conduct a choice-of-law analysis, as codified in Book IV of the Civil Code, to determine which state's law applies to the interpretation of the UM policy." *Champagne v. Ward*, 2003-3211 (La. 1/19/05), 893 So. 2d 773, 786. Thus, the Louisiana Supreme Court "affirm[ed] the choice-of-law methodology codified in La. C.C. arts. 3515 and 3537." *Id.*

In this case, Louisiana and Tennessee law are consistent.   Louisiana law provides that "the [UM] coverage on the vehicle in which the injured party was an occupant was primary." LA. REV. STAT. 22:1295(c)(i).   Tennessee law likewise provides that "with respect to bodily injury to an insured while occupying an automobile not owed by the insured, the UM coverage on the vehicle in which the insured was an occupant shall be the primary UM coverage."   TENN. STAT. ANN. § 56-7-1201.   Texas law, on the other hand, requires an examination of each policy's "other insurance" provision.   *See Hardware Dealers Mutual Fire Insurance Co. v. Farmers Insurance Exchange*, 444 S.W.2d 583 (1969).   If the policies conflict, then the Fifth Circuit Court of Appeals, applying *Hardware Dealers* broadly, has found that liability is apportioned on a pro rata basis.   See *Willbros RPI, Inc. v. Continental Cas. Co.*, 601 F.3d 306, 312-13 (5th Cir. 2010); *see also Crum & Forster Specialty Ins. Co. v. Great W. Cas. Co.*, No. EP-15-CV-00325-DCG, 2017 WL 4002713, at *7 (W.D. Tex. Sept. 11, 2017) ("The Fifth Circuit has considered whether an excess 'other insurance' clause and a pro-rata 'other insurance' clause conflict.   It found that a 'reasonable construction' of the two policies under a broad viewing of *Hardware Dealers* 'yields a conflict' and, thus, "the defense costs are apportioned on a pro-rata basis.") (quoting *Royal Ins. Co. of Am. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 644 (5th Cir. 2004).   In this case, the Travelers policy has a pro rata "other insurance" provision, while Horace Mann's has an excess other insurance provision.   Given this conflict, the policies would operate on a pro rata basis.   Therefore, the Court must now turn to a determination of what state's UM law to apply.

## 2. Choice of Laws Determination

Louisiana uses an issue-by-issue analysis in deciding what state's substantive law to apply.   LA. CIV. CODE ART. 3515.   Under article 3515, "an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue."   Further, "[t]hat state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state."   *Id.*

Article 3515 is to be read in conjunction with Louisiana Civil Code article 3537, which provides:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

In this case, Texas has an interest "in the uniform application of its laws governing insurance contracts."   *Champagne*, 893 So.2d at 777.   Additionally, the Traveler's policy issued on an automobile registered in Texas to a Texas domiciliary.

Tennessee, too, has an interest in the uniform application of its laws governing insurance contracts. The Horace Mann policy issued in that state to its domiciliary, and it has an interest in protecting its citizens who are injured in another state.

Finally, Louisiana also has interests to protect. Louisiana has an interest in regulating the insurance industry. Moreover, contrary to Traveler's assertion, this is not a case where Louisiana was not the mere situs of the accident. It is true that the negligent conduct and injuries at issue occurred in Louisiana, but there are more contacts than merely those: the negligent driver, while a domiciliary of Texas, is a Louisiana Tech student and resides in Louisiana for approximately nine months out of the year; both Johnson, the driver, and Kreid, the passenger-Plaintiff, while domiciliaries of Texas and Tennessee respectively, are also students at Louisiana Tech and reside here nine months out of the year; the subject vehicle is garaged in Ruston, Louisiana, during that time; and Kreid sought medical treatment in Louisiana for her injuries.

Having considered the factors listed under Articles 3515 and 3537, on balance, the Court concludes that Louisiana's policies on UM coverage would be most seriously impaired if its substantive law were not applied. The Court finds that Louisiana has the more significant interest, and its UM law applies.

## C.  Application of Policy Terms

Having determined that Louisiana law applies in this matter, the Court finds that, pursuant to Louisiana Revised Statute 22:1295(c)(i), the Traveler's UM coverage on Johnson's vehicle is primary, and Horace Mann is the excess insurer.

### III.    CONCLUSION

For the foregoing reasons, Traveler's Motion for Partial Summary Judgment [Doc. No. 20]

is DENIED.

MONROE, LOUISIANA, this 21ST day of December, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE